UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK GARVEY,

Plaintiff,

v. Case No. 6:26-cv-1282-CEM-CAB

WORKFORCE BUSINESS SERVICES, INC. ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on four motions for entry of clerk's default (Docs. 71, 72, 73, and 94) and six motions for default judgment (Docs. 95, 96, 97, 98, 99, 100) filed by *pro se* Plaintiff Patrick Garvey in September 2026. Upon full consideration of the motions, the Motion for Clerk's Default against Danielle Alvarez (Doc. 71) will be granted. The remaining motions for clerk's default and motions for default judgment will be denied without prejudice.

**I. Background**

Plaintiff commenced this action on June 10, 2026, in the Orlando Division of the United States District Court for the Middle District of Florida. (Doc. 1). In his Complaint, Plaintiff brings claims against 27 different defendants (*Id.* at 1). Plaintiff asserts that the action is brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), together with supplemental claims under Florida law,

because he "has been the target of a continuous criminal enterprise designed to unlawfully deny him workers' compensation benefits . . . ." (*Id.* at 2).

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or otherwise defend. *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).[1] "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III. Discussion

As set forth below, Plaintiff's Motion for Clerk's Default against Danielle Alvarez (Doc. 71) will be granted. The remaining motions for clerk's default or default judgment will be denied without prejudice.

### 1. Motion for Clerk's Default against Danielle Alvarez (Doc. 71)

Plaintiff asserts that Defendant Danielle Alvarez was personally served with the Complaint and a summons by the Orange County Sheriff's Office on August 13, 2026,

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

and that Defendant Alvarez has failed to answer or otherwise defend against the Complaint. (Doc. 71 at 1–2). Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires that a defendant serve an answer within 21 days of service. The Return of Service filed by Plaintiff reflects that Defendant Alvarez was personally served on August 13, 2026. (Doc. 27). Defendant Alvarez does not appear to have answered or attempted to defend against the Complaint. The Court will thus grant the Motion for Clerk's Default against Danielle Alvarez (Doc. 71).

**2. Motion for Clerk's Default against Brian Donald White (Doc. 72)**

Plaintiff alleges that the Orange County Sheriff's Office "effected personal service" against Brian Donald White on August 14, 2026, and that Defendant White has failed to answer or otherwise defend against the Complaint. (Doc. 72 at 1–2). In support of his argument, Plaintiff cites a Return of Service (Doc. 25). The Return of Service provided by Plaintiff, however, does not demonstrate that Brian Donald White was personally served, but rather indicates that "corporate" service was provided to a "Doris Arias" with the title of "front desk." (*See id.* at 1). Plaintiff has not made any showing that corporate service would be appropriate for this Defendant. Even if corporate service were appropriate here, Plaintiff does not establish that he complied with Florida law for serving the business or that "Doris Arias" had authority to accept service for the business. Accordingly, this motion will be denied without prejudice.

**3. Motion for Clerk's Default against Orlando Hand Surgery Associates (Doc. 73)**

Plaintiff alleges that the Orange County Sheriff's Office effectively served Orlando Hand Surgery Associates ("OHSA") by serving "Registered Agent George White" on August 14, 2026. (Doc. 73 at 1–2). In support of his argument, Plaintiff cites a Return of Service (Doc. 26). Neither the Return of Service, however, nor Plaintiff's motion, demonstrates either that OHSA has a registered agent named George White, or that the registered agent was properly served under Florida law. Rather, this return of service, like the one referenced above, indicates that "corporate" service was provided to a "Doris Arias" with the title of "front desk." (*See id.*). Plaintiff does not provide a legal argument in his motion regarding how the service of Doris Arias was adequate service on OHSA. (*See* Doc. 73). This motion will be denied without prejudice.

**4. Motion for Clerk's Default against Julie Hunsaker, Megan Watson, April Holsman, and One Call, Inc. (Doc. 94)**

Plaintiff asserts that by August 18, 2026, Defendants Julie Hunsaker, Megan Watson, and April Holsman were "personally served" and Defendant One Call, Inc. "was served via substituted service." (Doc. 94 at 2–3). Plaintiff falls short, however, in establishing any of these assertions. With respect to Defendants Hunsaker, Watson,[2] and Holsman, the certificates of service cited by Plaintiff indicate that none of these three individuals were personally served, but rather that service was made to

---

[2] Notably, moreover, the paperwork provided by Plaintiff in support of his assertion that he caused "Megan Watson" to be served instead lists a "Megan Watkins." (*See* Doc. 41).

representatives of these individuals. (*See* Docs. 40, 41, 53). While service of designated representatives is at times appropriate, Plaintiff does not provide legal argument, analysis, or, for example, detailed process server affidavits setting forth the basis on which service of the representatives of these individuals complied with applicable laws.

Plaintiff's alleged "substituted" service of One Call, Inc. suffers from similar defects. (*See* Doc. 94 at 3). Plaintiff does not set forth his legal basis for the availability of "substituted" service here, nor does he appear to have followed applicable law to attempt to effectuate substituted service. Florida law, under certain circumstances, permits "substituted" service of a defendant who conceals his or her identity, by serving the Florida Secretary of State. Fla. Stat. §§ 48.161(1), 48.181; *see also EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (instructing the plaintiff how to perfect service of process through substituted service). "The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. Am. Tripoli, Inc.*, No. 2:04-cv-485-Ftm-29DNF, 2007 WL 2071529, at *2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atl. Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976)) (internal quotations omitted). Here, Plaintiff does not appear to have served the Secretary of State, nor to have complied with the other nuanced requirements of the statute that would allow Plaintiff to effectively avail himself of substituted service with respect to One Call, Inc. (*See* Docs. 28, 94).

In short, Plaintiff, who bears the burden of proof as the movant, has failed to establish that any of the four defendants that are the subject of this motion (Doc. 94) were properly served. The Court thus will deny this motion without prejudice.

**5. Motions for Default Judgment (Docs. 95, 96, 97, 98, 99, 100)**

Plaintiff has filed a number of motions for default judgment in this matter. (*See* Docs. 95, 96, 97, 98, 99, 100). These motions will be denied without prejudice.

As an initial matter, most of the motions are premature because, as set forth above, none of the parties except for Danielle Alvarez has been deemed to be in default. Furthermore, to avoid inconsistent judgments, the Court will not entertain motions for default judgment until the case has been resolved with respect to the defendants who are not in default and who are actively litigating the case. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (providing that where "other co-[d]efendants have appeared and are actively contesting the allegations in the Complaint," a motion for default judgment should be denied, because ruling otherwise could create inconsistent judgments), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[W]hen defendants are similarly situated . . . judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."). Because a number of defendants are actively contesting the allegation in the Complaint (*see* Docs. 60, 76, 81, 102), Plaintiff's motions for default judgment are premature.

When seeking default judgment, moreover, Plaintiff must fully brief all matters necessary for entry of judgment. This should include whether service of the operative pleading was sufficient under applicable law, personal jurisdiction, subject matter jurisdiction, how each element of the claim upon which judgment is sought is established by the well-pled allegations of the operative pleading, and damages. Plaintiff has failed to do so in his motions.

## IV. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion for Clerk's Default against Danielle Alvarez (Doc. 71) **is GRANTED**. The Clerk is **DIRECTED** to enter default against Defendant Alvarez.

It is **FURTHER ORDERED** that Plaintiff's Motion for Clerk's Default against Brian Donald White (Doc. 72) is **DENIED without prejudice**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Clerk's Default against Orlando Hand Surgery Associates (Doc. 73) is **DENIED without prejudice**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Clerk's Default against Julie Hunsaker, Megan Watson, April Holsman, and One Call, Inc. (Doc. 94) is **DENIED without prejudice**.

It is **FURTHER ORDERED** that Plaintiff's motions for default judgment (Docs. 95, 96, 97, 98, 99, and 100) are each **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on September 16, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties