UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK GARVEY,

Plaintiff,

v. Case No. 6:26-cv-1282-CEM-CAB

WORKFORCE BUSINESS
SERVICES, INC, ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on *pro se* Plaintiff's Reiterated Motion for Alternative Service of Process upon Defendant Jaritza Pacheco (the "Motion"), filed on September 4, 2026. (Doc. 83). Upon consideration, Plaintiff's Motion will be denied without prejudice for the reasons set forth below.

## I. Background

Plaintiff first filed a Motion for Alternative Service upon Defendant Jaritza Pacheco by Electronic Mail and Other Means under FRCP Rule 4(e)(1) on August 28, 2026. (Doc. 44). In that Motion, Plaintiff claimed that two previous service attempts upon Defendant had failed, while likewise indicating that a third "pending" attempt was still in progress. (*See id.* at 2–4). As a result of the ongoing service attempts, the Court denied Plaintiff's initial Motion for Alternative Service as being premature. (Doc. 50).

In the present Motion, Plaintiff now alleges that three separate service attempts upon Defendant have failed. First, Plaintiff claims that on or about August 14, 2026, he directed the Duval County Sheriff's Department to serve Defendant at the corporate address of her employer in Jacksonville, Florida, but that this attempt failed because Defendant purportedly "d[id] not work in that office" and otherwise "live[d] outside of county." (Doc. 83 at 2). Subsequently, on or about August 21, 2026, Plaintiff asserts that he retained the services of a private process server to serve Defendant at an address located in Tampa, Florida, but that the attempt of service was unsuccessful due to Defendant being a landlord of the property, not a tenant. (*Id.* at 2–3).

Plaintiff further contends that this same process server on or about August 27, 2026, attempted to serve Defendant at a second Tampa address, but that service once again could not be rendered on account of the fact that Defendant was the landlord, rather than the tenant, of that property. (*Id.* at 3). According to Plaintiff, on this same date, the process server spoke to Defendant via telephone, and she allegedly "[r]efused to provide her address for service," claimed to "not know what [the] case is about," and otherwise directed Plaintiff's server to contact her lawyers, whose firm she named. (*Id.*).

## II. Legal Standard

The Federal Rules of Civil Procedure outline the requirements for service of process. *See* Fed. R. Civ. P. 4. Pursuant to Rule 4(e)(1), an individual may be served in a judicial district of the United States by "*following state law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court

is located or where service is made." (Emphasis added); *see also GS Holistic, LLC v. Fumoo LLC*, No. 8:24-cv-1945-KKM-SPF, 2025 WL 2694982, at *4 (M.D. Fla. June 10, 2025) (reiterating that, under Fed. R. Civ. P. 4(e)(1), "an individual may be served in a manner permitted under the laws of the state in which the federal district court is located or where service is made").

**III. Discussion**

Plaintiff, in his Motion, asks that this Court direct that service upon Defendant may be deemed perfected by: (1) "[t]ransmitting a true and correct copy of the Summons and the Complaint via electronic mail to Defendant['s] known . . . work email address;" (2) mailing copies of the Summons and the Complaint "via U.S. Mail . . . to Defendant['s] last known associated address" in Tampa; and (3) "Plaintiff filing a proof of service with the Court attesting to the completion of these acts." (Doc. 83 at 6). While Plaintiff's Motion does not readily identify which state's service-of-process laws he contends should govern his case, presumably, Plaintiff intends to invoke *Florida* state law, as Florida is (a) the state in which Plaintiff originally filed his Complaint in the District Court, and (b) where Plaintiff has at least attempted to effectuate service upon Defendant. *See* Fed. R. Civ. P. 4(e)(1).

In support of his requested relief, Plaintiff draws this Court's attention to just two cases: (1) *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); and (2) *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ("*Rio Props.*"). In *Mullane*, the U.S. Supreme Court addressed "the constitutional sufficiency of notice to beneficiaries on judicial settlement of accounts by the trustee of a common trust fund

established under the New York Banking Law." *See* 339 U.S. at 307, 320. *Mullane* did not deal with any law—much less Florida state law—concerning alternative service of process on one's opposing party in an active litigation. The Court finds Plaintiff's reliance on *Mullane* to be largely misplaced.

Plaintiff additionally cites the Ninth Circuit Court of Appeals' decision in *Rio Props.*, 284 F.3d at 1018, for the proposition that Defendant's evasive behavior justifies this Court's imposition of an alternative basis for service pursuant to Fed. R. Civ. P. 4(e)(1), including by authorizing service via email. (*See* Doc. 83 at 5–6). In *Rio Props.*, however, the Ninth Circuit was addressing service of process under Federal Rule of Civil Procedure 4(f), Serving an Individual in a Foreign Country. 284 F.3d at 1014–15. This Rule provides that service "at a place not within any judicial district of the United States," can be achieved "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Federal Rule of Procedure 4(e), the rule that is applicable to service in the United States, provides no such language. Plaintiff's reliance on *Rio Props.* is therefore also misplaced. In any event, here in the Eleventh Circuit, the holding in *Rio Props.* is not binding on the Court. *See Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985) ("[A]uthority from one circuit of the United States Court of Appeals is not binding upon another circuit." (citing *U.S. v. Diamond*, 430 F.2d 688 (1970)).

To be sure, under certain circumstances, the Court may authorize alternative service of process. *See, e.g.,* Fla. Stat. § 48.102 (permitting a court to authorize service

by email when a party "after due diligence," is unable to effectuate personal service of process "on a domestic or foreign corporation," a "domestic or foreign general partnership," a "domestic or foreign limited partnership," or "a domestic or foreign limited liability company"). Plaintiff, however, has provided no applicable authority allowing such service on an individual under the facts here. Moreover, even if Plaintiff had provided applicable authority allowing service by email under Florida law in lieu of personal service on an individual, it does not appear that Plaintiff has exercised sufficient due diligence to serve Defendant personally. For instance it appears that each location where Plaintiff has attempted to serve Defendant is not, in fact, Defendant's residence. Moreover, assuming *arguendo* that it was Defendant who spoke to the process server via telephone, there is no indication that Plaintiff or the process server followed up with the attorneys to whom Defendant directed them. (*See* Doc. 83-1 at 2).

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Reiterated Motion for Alternative Service of Process upon Defendant Jaritza Pacheco (Doc. 83) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties