UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK GARVEY,

Plaintiff,

v. Case No. 6:26-cv-1282-CEM-CAB

WORKFORCE BUSINESS SERVICES, INC. ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 116) filed by *pro se* Plaintiff Patrick Garvey on September 15, 2026 (the "Motion"), which the Court construes as a motion for reconsideration of this Court's prior Order denying Plaintiff's motion to electronically file (Doc. 4). Upon review of the Motion, it will be denied.

## I. Background

Plaintiff commenced this action on June 10, 2026. (Doc. 1). In his Complaint, Plaintiff brings claims against 27 different defendants (*Id.* at 1). Plaintiff asserts that the action is brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), together with supplemental claims under Florida law, because he "has been the target of a continuous criminal enterprise designed to unlawfully deny him workers' compensation benefits." (*Id.* at 2).

Also on June 10, 2026, Plaintiff moved for leave to file documents electronically in this case. (Doc. 2). The prior Magistrate Judge assigned to the case denied that motion, holding that Plaintiff had not demonstrated "good cause or exigent circumstances" to deviate from the Court's standard practice, which is that individuals not represented by a lawyer are not permitted to file papers electronically. (Doc. 4 at 2). After Plaintiff objected to the Magistrate Judge's order, the District Judge overruled Plaintiff's objection on September 1, 2026, agreeing with the Magistrate Judge that Plaintiff could file his documents with the Court using the postal service. (Doc. 51).

On September 2, 2026, Plaintiff filed what he titled as a "Motion for Preliminary Injunction," seeking to prevent the Court from disallowing his electronic filing. (Doc. 52). In that motion, however, Plaintiff provided no precedent or valid legal basis for a Court entering a preliminary injunction against itself. Even construing the motion in the light most favorable to the *pro se* Plaintiff, it simply did not seek a cognizable preliminary injunction. Rather, construing the motion favorably to Plaintiff, Plaintiff appeared to be asking that the Court reconsider its prior order declining to grant Plaintiff the ability to electronically file. Accordingly, on September 11, 2026, the Court denied the motion without prejudice, noting that it appeared to be a motion for reconsideration and instructing Plaintiff that he "may refile the motion using the proper title and legal standard and attaching an appropriate legal memorandum." (Doc. 92).

Disregarding this directive, four days later, Plaintiff filed the instant "Renewed Motion for Preliminary Injunction," in which Plaintiff again erroneously relies on the

legal standard for a preliminary injunction in support of his Motion. (Doc. 116). An injunction is an order preventing a ***party*** from engaging in an action that would cause harm to another party in the case.[1] The Court is not a party to this lawsuit. Accordingly, the Court construes Plaintiff's Renewed Motion for Preliminary Injunction as a motion for reconsideration of this Court's prior denial of his motion to file electronically.

## II. Legal Standard

Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

[1] To be sure, an injunction against a party may bind "other persons who are in active concert or participation" with a party, or a party's "officers, agents, servants, employees, and attorneys," but the Court is none of these. Fed. R. Civ. P. 65(d)(2).

## III. Discussion

In Plaintiff's motion, he does not allege any "change in the controlling law" or contend that there is "new" evidence that was not available at the time of his initial motion to file electronically. *See Sussman*, 153 F.R.D. at 694. Construing Plaintiff's motion in the light most favorable to him, however, his position is that the Order denying him the ability to electronically file is clearly erroneous and creates manifest injustice. *See id.* In particular, Plaintiff argues that, for him, making filings via postal mail is an "impossibility," and that it is a violation of the Americans with Disabilities Act ("ADA") to require him to do so. (Doc. 116).

Plaintiff has not persuaded the Court that making filings via mail or in person is an "impossibility" for him as he contends. To the contrary, since filing his Motion for Preliminary Injunction on September 15, 2026, Plaintiff has made approximately twenty-six court filings over the course of three weeks, none of which he filed electronically. (*See* Docs. 117, 119, 129, 130, 131, 132, 133, 134, 135, 137, 139, 141, 142, 143, 146, 147, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165). Nor is the prior Order denying Plaintiff's request to electronically file in clear violation of the ADA, which does not apply to the federal judiciary. *See Anders v. South Carolina,* No. 2:24-CV-06311-BHH-MGB, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025), *report and recommendation adopted,* No. 2:24-CV-6311-BHH, 2025 WL 1167492 (D.S.C. Apr. 21, 2025) ("[A] federal court does not fall within the definition of a 'public entity' under the ADA and the ADA therefore does not apply to federal courts."); *United States v.*

*Wishart*, 146 F. App'x. 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."). Plaintiff thus has not met his burden of establishing "clear error" or "manifest injustice" of the sort that would provide the extraordinary remedy of reconsideration of the Court's prior Order.

**IV. Conclusion**

Accordingly, it is **ORDERED** that Plaintiff's Renewed Motion for Preliminary Injunction (Doc. 116), which the Court construes as a motion for reconsideration, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties