UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICK GARVEY,**

**Plaintiff,**

**v.** **Case No. 6:26-cv-1282-CEM-CAB**

**WORKFORCE BUSINESS SERVICES, INC, AMERICAN ZURICH INSURANCE COMPANY, ZURICH INSURANCE GROUP LTD, ANDREW DEARMAN, MATTHEW BENSON, JILL ARCHER, NURSE CASE MANAGERS, SUSAN JIMINEZ, KELLY HANNAHAN, ONE CALL, INC, JARITZA PACHECO, ALBERT GILLESPY, ORTHOPEDIC CLINIC OF DAYTONA BEACH, BROOKE TOLLAND, PA, MARK WILLIAM INGRAM, INGRAM AND BUNECKY ATTORNEYS, DONALD VANDINGENEN, BLAZE SCHWARTZ, VANDINGENEN LAW, DANIEL DECICCICO, JULIE HUNSAKER, MEGAN WATSON, APRIL HOLSMAN, BRIAN DONALD WHITE, ORLANDO HAND SURGERY ASSOCIATES, DANIELLE ALVAREZ, and GLEN ROCKY MANZANO,**

**Defendants.**
__________________________________/

**ORDER**

THIS CAUSE is before this Court on Plaintiff's Motion to Reassign Magistrate Judge (Doc. 135). This cause is also before this Court on Defendant Glen Rocky Manzano, M.D.'s Motion to Dismiss (Doc. 60), Defendants Albert Gillespy, M.D., Orthopedic Clinic of Daytona Beach, P.A., and Brooke Tolland, P.A.'s Motion to Dismiss (Doc. 76), and Defendants Van Dingenen Law, P.A., Donald Van Dingenen, and Blaze Schwartz's Motion to Quash or, in the Alternative, Dismiss (Doc. 81). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 152), recommending that the Court dismiss the Complaint without prejudice and give Plaintiff an opportunity to amend, (*id.* at 6). Plaintiff filed an Objection to the R&R (Doc. 155).

## I. Motion to Reassign Magistrate Judge

The Court begins with the Motion to Reassign Magistrate Judge.[1] Plaintiff seeks reassignment pursuant to 28 U.S.C. § 445(a). (Doc. 135 at 2). Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *Id.* §

[1] Motions for recusal or disqualification are usually handled by the judge who is the subject of the motion. However, Plaintiff specifically requests that the Undersigned reassign this case and the asserted grounds for recusal arise entirely from matters reflected in the docket rather than from circumstances outside this proceeding. (*See generally* Doc. 135).

455(b)(1). The Court must determine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Plaintiff seeks reassignment based on his disagreement with orders entered in this case. Yet "[t]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). "A judge's rulings in the same or a related case may not serve as the basis for a recusal motion unless the movant demonstrates 'pervasive bias and prejudice.'" *Hicks-Washington v. Hous. Auth. of the City of Ft. Lauderdale*, No. 19-12094, 803 F. App'x 295, 303 (11th Cir. 2020) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)).

Plaintiff states that the Magistrate Judge has stricken Plaintiff's defective filings but not Defendants' defective filings, granted motions before Plaintiff had an opportunity to respond, denied Plaintiffs' substantive motions, denied Defendants' motions without prejudice despite having stricken similar filings by Plaintiff, and applied incorrect legal standards in Defendants' favor. (Doc. 135 at 3–5; *see generally* Plaintiff's Supplement to Motion to Reassign, Doc. 156). Additionally, Plaintiff asserts that there is a conflict of interest between Plaintiff and defense counsel that the Magistrate Judge has not addressed. (Doc. 135 at 6). These rulings

and actions, although adverse to Plaintiff, do not demonstrate pervasive bias or prejudice.

Additionally, Plaintiff argues that the Undersigned's overruling of Plaintiff's objections shows that the "normal objection process under Rule 72(a) is not providing an effective remedy." (Doc. 135 at 6). However, Plaintiff's objections were overruled because they lacked merit (*see generally* Sept. 1, 2026 Order, Doc. 51; Sept. 18, 2026 Endorsed Order, Doc. 128), and the Undersigned's actions are not attributable to the Magistrate Judge. Plaintiff's Motion to Reassign Magistrate Judge will be denied.

## II. MOTIONS TO DISMISS

Next the Court turns to the R&R and Plaintiff's Objection thereto. Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge concluded that Plaintiff's Complaint is an impermissible shotgun pleading and recommended dismissal with leave to amend.

(Doc. 152 at 4). As explained in the R&R, the Complaint is a shotgun pleading because each count of the Complaint adopts the allegations of all preceding counts, the Defendants are frequently lumped together, and the Complaint is rife with conclusory and vague allegations. (*Id.*).

Plaintiff raises several objections to the R&R, including that the R&R failed to address certain paragraphs of the Complaint, did not analyze Plaintiff's responses to the Motions to Dismiss or the exhibits attached to the Complaint, applied a generic shotgun analysis to a RICO claim, ignored the Motion to Quash Service, and failed to apply the pro se leniency standard. (Doc. 155 at 2–9). The Court has reviewed and considered Plaintiff's objections to the R&R and finds them without merit. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted, and the R&R is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order). As a result, Plaintiff's Complaint will be dismissed, and numerous pending motions will be denied as moot.[2]

[2] The motions that are rendered moot by the dismissal of Plaintiff's Complaint include: Plaintiff's Omnibus Renewed Motion for Clerk's Entry of Default (Doc. 146); Defendant Daniel DeCiccio's Motion to Dismiss Plaintiff's Complaint (Doc. 149); Defendants Julie Hunsaker, Megan Watson, and April Holsman's Motion to Dismiss Plaintiff's Complaint (Doc. 151); Defendants Mark William Ingram, Esq., and Ingram and Bunecky Attorney's Motion to Dismiss Plaintiff's Complaint (Doc. 168); Defendants American Zurich Insurance Company, Andrew Dearman, and Jill Archer's Motion to Dismiss (Doc. 169); Defendant Workforce Business Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 170); Defendants American Zurich

Plaintiff will be permitted to file an amended complaint that remedies the shotgun pleading issues outlined in the R&R. *See Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) ("Generally, a district court must sua sponte provide a pro se plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend."). Plaintiff is cautioned that failure to file an amended complaint that complies with this Order may result in dismissal of this action with prejudice.[3] In the interests of judicial economy, the deadlines in this case, except for Plaintiff's deadline to file and serve an amended complaint and Defendants' deadline to respond, will be stayed.[4]

## III. CONCLUSION

Insurance Company, Andrew Dearman, and Jill Archer's Amended Motion to Dismiss (Doc. 173); Plaintiff's Motion for Leave to Amend Complaint (Doc. 177); Plaintiff's Motion Requesting the Court Rule on Pending Dispositive Default Motions (Doc. 178); Defendant One Call's Motion to Dismiss (Doc. 179); Defendant Daniel DeCiccio's Motion for Leave to File Reply in Support of Motion to Dismiss (Doc. 180); Plaintiff's Opposition to Defendants' Amended Motion to Dismiss, with Cross-Motion to Strike (Doc. 181); Plaintiff's Opposition to Defendants' Motion for Continued Extension of Time, with Cross-Motion to Strike (Doc. 182); Plaintiff's Opposition to Defendant's Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 185); Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 188); Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion (Doc. 189); Plaintiff's Opposition to Defendant's Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 190); and Plaintiff's Motion to Strike Defendants' Cross-Motion (Doc. 202).

[3] It appears that Plaintiff's Objection to the Report and Recommendation was drafted using artificial intelligence ("AI"). (*See generally* Doc. 155). Although the use of AI is not prohibited by this Court, Plaintiff should be aware that "this technology is notorious for hallucinating non-existent case law and misrepresenting the state of the law." *Allston v. DeSantis*, No. 6:24-cv-1085-CEM-DCI, 2025 U.S. Dist. LEXIS 249983, at *13 (M.D. Fla. Dec. 4, 2025) (collecting cases). Plaintiff is instructed to review and verify the accuracy of all AI-generated materials before submitting them to this Court.

[4] The Joint Unopposed Motion for Extension of Time to Submit Case Management Report (Doc. 214) will be denied as moot.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Reassign Magistrate Judge (Doc. 135) is **DENIED**.
2. Plaintiff's Objection (Doc. 155) is **OVERRULED**.
3. The Report and Recommendation (Doc. 152) is **ADOPTED** and made a part of this Order.
4. Defendant Glen Rocky Manzano, M.D.'s Motion to Dismiss (Doc. 60), Defendants Albert Gillespy, M.D., Orthopedic Clinic of Daytona Beach, P.A., and Brooke Tolland, P.A.'s Motion to Dismiss (Doc. 76), and Defendants Van Dingenen Law, P.A., Donald Van Dingenen, and Blaze Schwartz's Motion to Quash or, in the Alternative, Dismiss (Doc. 81) are **GRANTED in part** and **DENIED in part**.
5. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.
6. **On or before Novemberr 30, 2026**, Plaintiff may file an amended complaint that corrects the deficiencies set forth in the Report and Recommendation. Failure to do so will result in the closure of this case without further notice.
7. All deadlines in this case, except the deadlines to file and serve the amended complaint and the deadline to respond to the amended complaint, are **STAYED** pending further order of the Court.

8. Plaintiff's Omnibus Renewed Motion for Clerk's Entry of Default (Doc. 146); Defendant Daniel DeCiccio's Motion to Dismiss Plaintiff's Complaint (Doc. 149); Defendants Julie Hunsaker, Megan Watson, and April Holsman's Motion to Dismiss Plaintiff's Complaint (Doc. 151); Defendants Mark William Ingram, Esq., and Ingram and Bunecky Attorney's Motion to Dismiss Plaintiff's Complaint (Doc. 168); Defendants American Zurich Insurance Company, Andrew Dearman, and Jill Archer's Motion to Dismiss (Doc. 169); Defendant Workforce Business Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 170); Defendants American Zurich Insurance Company, Andrew Dearman, and Jill Archer's Amended Motion to Dismiss (Doc. 173); Plaintiff's Motion for Leave to Amend Complaint (Doc. 177); Plaintiff's Motion Requesting the Court Rule on Pending Dispositive Default Motions (Doc. 178); Defendant One Call's Motion to Dismiss (Doc. 179); Defendant Daniel DeCiccio's Motion for Leave to File Reply in Support of Motion to Dismiss (Doc. 180); Plaintiff's Opposition to Defendants' Amended Motion to Dismiss, with Cross-Motion to Strike (Doc. 181); Plaintiff's Opposition to Defendants' Motion for Continued Extension of Time, with Cross-Motion to Strike (Doc. 182); Plaintiff's Opposition to Defendant's Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 185); Plaintiff's

Opposition to Defendants' Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 188); Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion (Doc. 189); Plaintiff's Opposition to Defendant's Motion to Dismiss and Cross-Motion for Judicial Notice (Doc. 190); Plaintiff's Motion to Strike Defendants' Cross-Motion (Doc. 202); and the Joint Unopposed Motion for Extension of Time to Submit Case Management Report (Doc. 214) are **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record