UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK GARVEY,

Plaintiff,

v. Case No. 6:26-cv-1282-CEM-CAB

WORKFORCE BUSINESS SERVICES, INC, ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiff's Renewed Motion to Compel Counsel to Accept Service of Process on Behalf of Unserved Defendants Jaritza Pacheco, Matthew Benson, and Kelly Hannahan (Doc. 192), filed October 19, 2026 (the "Motion"), as well as Defendant Jaritza Pacheco's Response in Opposition (Doc. 210), filed October 30, 2026, and Defendant Matthew Benson's Response in Opposition (Doc. 212), filed November 2, 2026. Plaintiff's Motion is due to be denied, as set forth below.

Plaintiff first filed a Motion to Compel counsel to accept service of process on behalf of Defendant Pacheco and Defendant Benson on October 5, 2026 (Doc. 162). On October 9, 2026, this Court denied that motion without prejudice due to Plaintiff's failure to engage in a good faith conferral with Defendant Pacheco regarding the

motion. (Doc. 176).[1] Plaintiff then filed the instant Motion on October 19, 2026. (Doc. 192). In the Motion, Plaintiff contends that because attorneys have entered general notices of appearance on behalf of Defendants Pacheco and Hannahan in this case, these defendants have waived any right to an insufficient service of process defense. (Doc. 192 at 6, 8–12) ("[A] defendant who enters a general appearance . . . without objecting to service of process or personal jurisdiction waives that defense."). In support of this proposition, Plaintiff cites to a number of Florida state cases. (*Id.* at 6–8). In federal Court, however, the issue of waiver of service is governed by Federal Rule of Civil Procedure 12.

"[N]othing in Rule 12 contemplates that an attorney's entry of a notice of appearance on a defendant's behalf amounts to a waiver of a Rule 12 defense." *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 790–92 (11th Cir. 2017); Fed. R. Civ. P. 12(h) (summarizing circumstances under which "[a] party waives any defense listed in Rule 12(b)(2)–(5)," one defense of which is "insufficient service of process"). "[B]ecause waiver of the defense of insufficient service of process is governed by Rule 12, and Rule 12 does not provide for waiver by filing a notice of appearance . . . entry of a notice of appearance d[oes] not constitute a waiver." *Id.* To be sure, Rule 12 provides that a party who responds to or moves to dismiss a

[1] Defendant Pacheco's counsel contends that Plaintiff once again failed to engage in good faith conferral prior to filing the instant Motion. (Doc. 210 at 2, 6). Based on counsel's representations, it appears that counsel is correct. (*See* Doc. 210 at 2–3). Plaintiff is reminded that he must engage in good faith conferral prior to filing any motion with the Court, or else, if a defendant is unavailable, supplement his motion within three days to demonstrate good faith conferral. *See* Local Rule 3.01(g). The Court, however, can resolve the instant Motion without reaching this issue.

complaint, without asserting insufficient service of process, waives that defense. *See* Fed. R. Civ. P. 12(h)(1). Here, however, none of Defendants Pacheco, Hannahan, or Benson has responded to or moved to dismiss the complaint. Accordingly, they have not waived their right to service of process. Nor does Plaintiff provide any authority that these Defendants' attorneys should be compelled to accept service of process for their clients without the clients' consent.

Plaintiff alternatively contends that a party who "actively participates in proceedings without objecting to service of process . . . waives that defense." Doc. 192 at 6. Again, Plaintiff fails to provide any federal caselaw supporting this proposition. Rather, the applicable caselaw cited by Plaintiff provides, as explained above, that a party waives any objection to service of process where the party responds to a complaint or makes a Rule 12 motion and fails to include such objection in the response or motion. *See McCurdy v. Am. Bd. of Plastic Surgery,* 157 F.3d 191, 194 (3d Cir. 1998); *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Rentz v. Swift Transp. Co.,* 185 F.R.D. 693, 700 (M.D. Ga. 1998) ("[F]inding waiver of a service of process defense should be reserved for exceptional cases in which a defendant's conduct is inexcusable in comparison to the manifest injustice that would be visited on a plaintiff."). None of Defendants Pacheco, Hannahan, or Benson have done so here. Nor has Plaintiff identified any actions taken by Defendants Pacheco, Hannahan, or Benson that this Court deems to constitute a waiver of the requirement of service of process.

Plaintiff alternatively argues that because the attorneys who represent Defendant Benson and Defendant Pacheco have filed Rule 12 motions on behalf of other codefendants, these attorneys should also be deemed to be actively participating in the litigation on behalf of Defendant Benson and Defendant Pacheco. (Doc. 192 at 12–13) Plaintiff, however, has provided no authority in support of this assertion. Nor would it make sense to attribute an attorney's motion on behalf of one defendant to a co-defendant. Each defendant may make its own defense.

It is therefore **ORDERED** that Plaintiff's Renewed Motion to Compel Counsel to Accept Service of Process on Behalf of Unserved Defendants Jaritza Pacheco, Matthew Benson, and Kelly Hannahan (Doc. 192) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties