UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK GARVEY,

Plaintiff,

v. Case No. 6:26-cv-1282-CEM-CAB

WORKFORCE BUSINESS SERVICES, INC, ET AL.,

Defendants.

---

**ORDER**

This cause comes before the Court on three motions filed by the *pro se* Plaintiff in this matter: (1) Plaintiff's Third Reiterated Motion for Alternative Service of Process upon Defendant Jaritza Pacheco, filed on September 22, 2026 (Doc. 134); (2) Plaintiff's Motion for Alternative Service of Process upon Defendants Kelly Hannahan and Matthew Benson, filed on September 22, 2026 (Doc. 139); and (3) Plaintiff's Renewed Motion for Alternative Service of Process upon Defendants Benson, Pacheco, and Hannahan, filed on September 28, 2026 (Doc. 147), which the Court construes as a motion to supplement Plaintiff's existing Motions at Doc. 134 and Doc. 139.[1] Upon consideration, Plaintiff will be allowed to supplement the record with the

[1] Plaintiff is advised that, in the future, should he seek to supplement motions already pending before the Court, he should move for leave to so supplement, rather than file a "Renewed Motion." Plaintiff is hereby placed on notice that a renewed motion that requests the same relief as a currently pending motion will ordinarily be summarily denied.

information in Doc. 139. Plaintiff's Motions for Alternative Service of Process, however, are due to be denied, as set forth below.

## I. Background

Plaintiff first filed a Motion for Alternative Service upon Defendant Jaritza Pacheco by Electronic Mail and Other Means under FRCP Rule 4(e)(1) on August 28, 2026. (Doc. 44). In that Motion, Plaintiff claimed that two previous service attempts upon Defendant had failed, while likewise indicating that a third "pending" attempt was still in progress. (*See id.* at 2–4). As a result of the ongoing service attempts, the Court denied Plaintiff's initial Motion for Alternative Service as being premature. (Doc. 50).

Plaintiff then filed a Reiterated Motion for Alternative Service of Process upon Defendant Pacheco on September 4, 2026 (the "Reiterated Motion") (Doc. 83). In the Reiterated Motion, Plaintiff alleged that three separate service attempts upon Defendant had failed. First, Plaintiff claimed that on August 14, 2026, he directed the Duval County Sheriff's Department to serve Defendant at the corporate address of her employer in Jacksonville, Florida, but that the attempt failed because Defendant purportedly "d[id] not work in that office" and otherwise "live[d] outside of county." (Doc. 83 at 2). Second, Plaintiff contended that on August 21, 2026, he retained the services of a private process server to serve Defendant at an address located in Tampa, Florida, but that the attempt of service was unsuccessful due to Defendant being a landlord of the property, not a tenant. (*Id.* at 2–3). Third, Plaintiff alleged that on August 27, 2026, a process server attempted to serve Defendant at a second Tampa

address, but that service once again could not be rendered on account of the fact that Defendant was the landlord, rather than the tenant, of that property. (*Id.* at 3). Plaintiff further alleged that, on the same date, the process server spoke to Defendant via telephone, and she "[r]efused to provide her address for service," claimed to "not know what [the] case is about," and otherwise directed Plaintiff's server to contact her lawyers, whose firm she named. (*Id.*).

On September 17, 2026, the Court denied Plaintiff's Reiterated Motion without prejudice. (Doc. 127). In its Order, the Court explained that Plaintiff had failed to provide applicable Florida law or cases allowing alternative service on an ***individual***, as opposed to a business. (Doc. 127 at 5). The Court further observed that "even if Plaintiff had provided applicable authority allowing service by email under Florida law in lieu of personal service on an individual," he had not proven that he "exercised sufficient due diligence to serve Defendant personally," such that alternative service would be appropriate. (*Id.*)

Just five days later, on September 22, 2026, Plaintiff filed the instant Third Reiterated Motion for Alternative Service of Process upon Defendant Jaritza Pacheco. (Doc. 134). In this motion, Plaintiff does not purport to have made any additional efforts to serve Defendant Pacheco. Rather, Plaintiff repeats his previously rejected argument that he should be allowed to serve Defendant Pacheco via email because Plaintiff has "exercised extraordinary due diligence by making three separate service attempts on Pacheco at three different addresses." (Doc. 134 at 4). Plaintiff

alternatively argues that "substituted service upon Defendant Pacheco through the Florida Secretary of State pursuant to Fla. Stat. § 41.181" is appropriate. (*Id.* at 6).

Also on September 22, 2026, Plaintiff filed the instant Motion for Alternative Service of Process upon Defendants Kelly Hannahan and Matthew Benson (Doc. 139). In that motion, Plaintiff contends that because he "attempted" personal service of both individuals without success, he should be allowed to serve both of them by email. (Doc. 139 at 3–5). Plaintiff alternatively argues, as he does with respect to Defendant Pacheco, that he should be allowed to serve Defendants Hannahan and Benson via substituted service on the Florida Secretary of State. (*Id.* at 5–6).

## II. Legal Standard

The Federal Rules of Civil Procedure outline the requirements for service of process. *See* Fed. R. Civ. P. 4. Pursuant to Rule 4(e)(1), an individual may be served in a judicial district of the United States by "***following state law*** for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." (Emphasis added); *see also GS Holistic, LLC v. Fumoo LLC*, No. 8:24-cv-1945-KKM-SPF, 2025 WL 2694982, at *4 (M.D. Fla. June 10, 2025)).

## III. Discussion

The Court first addresses Plaintiff's arguments that he should be allowed to serve Defendants Pacheco, Hannahan, and Benson via email. As was the case when Plaintiff last requested to serve Defendant Pacheco via email (*see* Doc. 127 at 5),

Plaintiff has failed to establish that service via email is proper under Florida law for any of these three individual defendants.

Plaintiff contends that "[t]his District[2] has granted email service when defendants actively evade service." (Doc. 134 at 5–6). (*Id.*). The facts of the only case Plaintiff cites in support of that position, however, *Medina v. Bulldog Logistics, Inc.*, are inapposite to those in the instant case. For instance, the service via email in *Medina* was for a business, not an individual. *See Medina v. Bulldog Logistics, Inc.,* No. 23-CV-60746-RAR, 2023 WL 12176529, at *1 (S.D. Fla. Oct. 9, 2023) ("Defendant, Bulldog Logistics, Inc. . . . had been served via email on August 1, 2023."). Moreover, Plaintiff indicates that the court in *Medina* granted email service after "seven failed attempts" at personal service (Doc. 134 at 6), whereas here, Plaintiff has demonstrated significantly less effort to serve these Defendants. (See Doc. 134 at 4 (describing three attempts to serve Defendant Pacheco, none of which were at Defendant Pacheco's actual residence); Docs. 47, 48, 139 (documenting attempts to serve Defendants Hannahan and Benson at workplaces where they either no longer work, or infrequently visit)). Plaintiff thus has failed to establish that email service would be appropriate here.

Plaintiff alternatively argues that he should be allowed to serve Defendants Pacheco, Hannahan, and Benson through substitute service on the Florida Secretary of State. For such service of process, "[t]he party seeking to effectuate substitute service

2 The Court notes that Plaintiff cites a case in support of this assertion that is not actually from this District, but rather is from the Southern District of Florida. (*See* Doc. 134 at 6).

bears the burden of . . . [establishing] the applicability of the substitute service statutes." *Baxter v. Miscavige*, No. 8:22-cv-986-TPB-JSS, 2023 WL 1993969, at *4 (M.D. Fla. Feb. 14, 2023) (citing *Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So. 3d 799, 802 (Fla. 2d DCA 2017)); *see also Buzzi v. Da Silva*, No. 6:20-CV-2009-WWB-EJK, 2021 WL 11490452, at *1–2 (M.D. Fla. Nov. 15, 2021). In particular, a plaintiff seeking to substitute service on a defendant must establish that "'the defendant conducts business in Florida and is either a (1) non-resident, (2) resident of Florida who subsequently became a non-resident, or (3) resident of Florida concealing his or her whereabouts.'" *Aguila v. RQM+ LLC*, No. 23-24702-CIV-DAMIAN, 2025 WL 2349024, at *4 (S.D. Fla. Aug. 12, 2025) (quoting *Pinero v. Yam Margate, L.L.C.*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011)); *see also* Fla. Stat. § 48.181(4) (providing that substitute service may be employed for actions "connected with or incidental to any business or business venture carried on in [Florida] by [the] individual" to be served). Here, Plaintiff has not established whether any of the three Defendants conducted business in Florida such that they can be served via substitute service. *See Aguila*, 2025 WL 2349024, at *4. Moreover, Plaintiff does not allege that they are non-residents or residents who subsequently became non-residents. *Id.* Plaintiff thus must establish that these three Defendants are concealing their whereabouts. *Id.*

Plaintiff has failed to meet his burden with respect to this "concealment" requirement. With respect to Defendant Pacheco, Plaintiff alleges that he made two attempts to serve this defendant at locations that turned out not to be her place of work or residence. (Doc. 134 at 4–5; *see also* Doc. 42 at 1). Plaintiff then alleges that after a

process server contacted an individual believed to be Defendant Pacheco via phone, she would not provide her address, but instead directed the process server to her attorneys, with whom Defendant Pacheco apparently did not ever follow up. (Doc. 134 at 4; Doc. 83 at 3). Such facts fall short of establishing concealment by Defendant Pacheco of her whereabouts, particularly given that Plaintiff does not appear to have made any further efforts to locate or personally serve Defendant Pacheco, or to follow up with her attorneys.

The facts proffered by Plaintiff with respect to Defendants Hannahan and Benson's purported evasion of service do not come any closer to establishing concealment by these individuals. Rather, Plaintiff's efforts appear to be limited to attempted service upon these Defendants at places of employment where they do not work or do not regularly frequent. (Doc. 139 at 3–4; Doc. 47 at 2; Doc. 48 at 1). Attempting service on individuals at locations they rarely, if ever, frequent falls well short of establishing active concealment. *McCullough v. Isetts*, No. 2:25-cv-533-SPC-NPM, 2026 WL 538425, at *3 (M.D. Fla. Feb. 26, 2026) ("It is well-established that absence alone does not show concealment . . . .") (internal citation and quotation marks omitted).

In his Renewed Motion for Alternative Service of Process upon Defendants Benson, Pacheco, and Hannahan, filed on September 28, 2026 (Doc. 147), which the Court interprets as a motion to supplement Plaintiff's other two motions, Plaintiff misrepresents various state law provisions in an attempt to argue that substituted

service is appropriate here.[3] For example, Plaintiff argues that Florida Statute § 48.031(2)(b) "authorizes substituted service on an individual at his or her place of business by serving the person in charge of the business." (Doc. 147 at 4–5). In fact, that statute provides that such service is appropriate "on an individual ***doing business as a sole proprietorship*** at his or her place of business . . . ." Fla. Stat. § 48.031(2)(b) (emphasis added). Here, Plaintiff is not attempting to serve sole proprietorships. Section 48.031(2)(b) is therefore inapplicable. Plaintiff similarly misrepresents the scope of Florida Statute Section 48.081(3)(a), indicating that under this statute, "service on any employee" at the Defendants' places of business is "a valid alternative service." (Doc. 147 at 5). In fact, that statute applies to service on a "corporation." Fla. Stat. § 48.081. Plaintiff is not attempting to serve a corporation here.

Finally, the examples of "substituted" service provided by Plaintiff in Exhibits A, B, and C (*see* Doc. 147 at 6–9; Doc. 146 at 22–38), even assuming that they involve attempts at substituted service under Fla. Stat. § 48.181, have no precedential and little persuasive value here. These exhibits are subpoena records, not court opinions. (*See* Doc. 146 at 22–38). In short, Plaintiff fails to show that substituted service pursuant to § 48.181 is warranted on the three individual Defendants he asks to serve.

---

[3] Plaintiff is hereby placed on notice that future misrepresentations to the Court could result in sanctions. *See* Fed. R. Civ. P. 11(b)–(c) (requiring that parties who submit motions to the Court provide "legal contentions [that] are warranted by existing law or by a nonfrivolous argument . . . ", and providing that the Court may impose an appropriate sanction on any party who violates this rule).

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Third Reiterated Motion for Alternative Service of Process upon Defendant Jaritza Pacheco, (Doc. 134) is **DENIED**.
2. Plaintiff's Motion for Alternative Service of Process upon Defendants Kelly Hannahan and Matthew Benson (Doc. 139) is **DENIED**.
3. Plaintiff's Renewed Motion for Alternative Service of Process upon Defendants Benson, Pacheco, and Hannahan (Doc. 147) is **GRANTED IN PART** in that the Court considered the information contained therein, and the exhibits incorporated therein by reference, in making its ruling. Plaintiff's Renewed Motion for Alternative Service of Process upon Defendants Benson, Pacheco, and Hannahan (Doc. 147) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties